```
             UNITED STATES DISTRICT COURT
               DISTRICT OF NEW HAMPSHIRE
```

Angel L. Montero

    v.                                                Civil No. 12-cv-412-JL

Carolyn Colvin, Acting Commissioner,
Social Security Administration

**ORDER ON APPEAL**

Angel Montero appeals the Social Security Administration's ("SSA") partial denial of his applications for Social Security Disability Insurance and Supplemental Security Income. A long and winding road has led Montero to this court's door. Montero filed his applications in April 2007 and, after their denial, requested a hearing before an administrative law judge ("ALJ") at the SSA. Considering Montero's applications de novo, the ALJ again denied them, a decision affirmed by the SSA's Decision Review Board. Montero then appealed to this court, which concluded that the ALJ had provided an insufficient explanation for her decision to discount Montero's credibility and to reject the opinions of his treating and examining doctors. Montero v. Astrue, No. 10-cv-085 (D.N.H. Nov. 18, 2010). The court thus remanded the case to the ALJ for further proceedings.

On remand, the ALJ, after holding a hearing at which Montero and medical and vocational experts testified, found that Montero

was "disabled" within the meaning of the Social Security Act from January 9, 2007 through May 15, 2008, but that he had experienced medical improvement related to his ability to work as of May 16, 2008, and was thereafter capable of performing substantial gainful activity and no longer disabled.  See 20 C.F.R. §§ 404.1594(a), 416.994(a).  Montero did not request review of this ruling by the Appeals Council, and the ALJ's decision became the SSA's final decision on Montero's applications.  See id. §§ 404.955, 416.1455.  Montero again appealed the decision to this court, which has jurisdiction under 42 U.S.C. § 405(g) (Social Security).

Montero has now filed a motion to reverse the decision.  See L.R. 9.1(b)(1).  He asserts that the ALJ again erred, this time by failing to properly account for two pieces of evidence:  (1) his physical therapist's observations regarding his reflexes, and (2) a state agency's determination that he was eligible for Aid to the Permanently and Totally Disabled ("APTD").[1]  The

---

[1]Montero's memorandum also recites some of the testimony he gave before the ALJ regarding the limitations allegedly caused by his impairments.  See Memo. in Supp. of Mot. to Reverse (document no. 7-1) at 3.  It is unclear precisely what this recitation is meant to communicate to the court.  It may be that Montero is asserting that the ALJ failed to take this testimony into account in her decision; if that is in fact the case, that argument is not sufficiently developed for the court to address here.  See Dillon v. Astrue, 2012 DNH 179, at 20 n.4 (court will not "address the merits of a claim that the plaintiff either fails to

Commissioner of the SSA has cross-moved for an order affirming the ALJ's decision.  See L.R. 9.1(d).  As explained below, the court agrees with the Commissioner that the ALJ did not err in her evaluation of the evidence, and accordingly grants her motion to affirm (and denies Montero's motion to reverse) the ALJ's decision.

Montero's sole grievance with the ALJ's treatment of his physical therapist's reports appears to be that the ALJ did not credit the physical therapist's observations--recorded over the course of nine visits--that Montero had a diminished Achilles reflex.  With respect to those observations, the ALJ wrote:

> Although one physical therapist noted diminished Achilles' reflexes, [the independent medical expert who testified at the hearing] gave that finding little weight as it did not come from an acceptable medical source trained in that area.  He also noted that this finding was not repeated on other examinations.  He did testify, however, that such a deficit would indicate a neurological impairment that would need to be confirmed by a neurologist or orthopedic surgeon; no such confirmation exists.  Functionally, such a deficit may impact standing, walking, and climbing stairs.  Those deficits are not present in the objective medical evidence of record, showing that [Montero] is not as limited as alleged.

---

raise or raises in a perfunctory manner"); McGrath v. Astrue, 2012 DNH 060, at 3 n.5 ("Courts can only address issues properly before them and need not endeavor to resolve issues presented in an undeveloped manner.").

Admin. R. at 794.  This discussion is more than sufficient to fulfill the ALJ's responsibilities to analyze the therapist's opinion "based on a consideration of the probative value of the opinions and a weighing of all the evidence in [this] particular case," and to "explain the weight given to" that opinion in a way that "allows a claimant or subsequent reviewer to follow the adjudicator's reasoning."  Social Security Ruling ("SSR") 06-03p, Titles II and XVI: Considering Opinions and Other Evidence from Sources Who Are Not "Acceptable Medical Sources" in Disability Claims; Considering Decisions on Disability by Other Governmental and Nongovernmental Agencies, 2006 WL 2329939, at *5-6 (S.S.A. 2006).  The ALJ considered several relevant factors, including "[h]ow consistent the opinion is with other evidence" and whether the therapist had "a specialty or area of expertise related to [Montero's] impairment(s)."[2]  Id. at *4-5.  Her conclusion is

---

[2]Montero, pointing to the ALJ's statement that the finding of a diminished Achilles reflex "was not repeated on other examinations," suggests that the ALJ failed to consider the frequency with which the physical therapist examined him, and the frequency with which her examinations revealed the existence of a diminished Achilles reflex.  As the Commissioner notes, however, when that statement is read in its proper context it is clear that "[t]he ALJ's point was not that the physical therapist had made the finding on only one occasion; rather, the ALJ was referring to [the medical expert's] salient testimony that the finding had not been made on any examinations conducted by acceptable medical sources."  Memo. in Supp. of Mot. to Affirm (document no. 8-1) at 4 (emphasis omitted).

amply supported by the record, and this court cannot and will not "reweigh the evidence or substitute its own judgment" for that of the ALJ. Eaton v. Astrue, 2009 DNH 102, at 15-16 (citing Irlanda Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991)).

Nor did the ALJ err in her treatment of the award of APTD to Montero. Although, as Montero notes, the ALJ's decision does not discuss the award, that is not reversible error. Decisions by other governmental agencies about whether a claimant is disabled are not binding on the SSA. See 20 C.F.R. §§ 404.1504, 416.904. Nor are they, "in and of [themselves], evidence of disability." Dube v. Astrue, 781 F. Supp. 2d 27, 37 n.16 (D.N.H. 2011). To be sure, "[a] determination by another governmental agency may provide insight into the claimant's mental and physical impairment, especially where the agency's decision discusses relevant evidence and the basis for [its] disability determination." Lawrence v. Astrue, 2011 DNH 098, at 24-25 (quoting SSR 06-03p, 2006 WL 2329939, at *1). But where, as here, the agency's determination "does not contain any evidence or relevant analysis detailing the agency's rationale for [its] award," an ALJ is "justified in omitting [the] decision from his own disability determination." Id. at 25; see also Dube, 781 F. Supp. 2d at 37 n.16 ("Although it may be good practice to explain

why contrary state determinations were not followed, merely ignoring an administrative conclusion is not error per se.").

Based on the foregoing, Montero's motion to reverse the Commissioner's decision[3] is DENIED, and the Commissioner's motion to affirm that decision[4] is GRANTED. See 42 U.S.C. § 405(g). The clerk shall enter judgment accordingly and close the case.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: August 8, 2013

cc: Stephen C. Buckley, Esq.
    Robert J. Rabuck, Esq.

---

[3]Document no. 7.

[4]Document no. 8.